IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3340-FL

| | | |
|---|---|---|
| ANDRE EUGENE LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER EARLE and CAPTAIN SLEDGE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on December 11, 2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to receive all court documents (DE 8), for discovery and to amend complaint (DE 9), for assistance (DE 10), and for refund (DE 11).

**COURT'S DISCUSSION**

The court begins with plaintiff's motions. In the motion to receive all court documents, plaintiff alleges defendants interfered with his legal mail, and he requests a court order directing defendants to provide all documents sent to him by this court. Plaintiff, however, does not even attempt to establish the relevant factors for ordering preliminary injunctive relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly,

this motion is denied.  If plaintiff is missing any documents in the record, he can request same from the clerk's office but he must pay the copying fees.

Plaintiff's motions for discovery or to amend the complaint, and for assistance, in effect request appointment of counsel.  There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it."  Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").  Here, plaintiff fails to establish a colorable claim for relief for the reasons explained below.  The motion to appoint counsel therefore is denied.  See Jenkins v. Woodard, __ F.4th __, 2024 WL 3490967, at *5 (4th Cir. July 22, 2024).

Turning to plaintiff's motion for refund, he has not established that prison officials erred when they withdrew the filing fee payments from his trust account.  The January 8, 2024, order requires prison officials to "deduct monthly payments of 20 percent of the preceding month's income credited to the plaintiff's trust fund account, until the $350 filing fee is paid in full."  (DE 7 at 2).  While several payments have been made pursuant to this order, which in total appear to reflect the $283.14, plaintiff has not established that the payments exceeded 20 percent of the preceding month's income.  Accordingly, this motion is denied without prejudice to renew in the

event plaintiff can establish that the payment was made in contravention of the January 8 order. In the event plaintiff files renewed motion for refund, he should file supporting documentation showing his trust account balance for April and May 2024 to assist the court in resolving this issue.

Finally, the court turns to the initial review of this action. Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[1]

In addition, when a party proceeds pro se, the pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A § 1983 plaintiff also must allege the defendants were personally involved in the alleged deprivation of his constitutional rights. See Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Here, plaintiff's claims are not a model of clarity. To the extent plaintiff is asserting religious discrimination claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") or the First Amendment, he has failed to allege viable claims. Both RLUIPA and the First Amendment require plaintiff to show that government action substantially burdened his religious exercise. See Firewalker-Fields v. Lee, 58 F. 4th 104, 114–15 (4th Cir. 2023) (First Amendment standard); Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (RLUIPA standard). Plaintiff does not allege any facts suggesting a substantial burden on religious exercise.

Plaintiff primarily complains that his religious property was destroyed. These allegations fail state a procedural due process claim under the Fourteenth Amendment. Plaintiff alleges destruction of his property due to random and unauthorized acts by state employees. (DE 1 ¶ V (alleging defendants destroyed his property in contravention of prison policies, including in a manner that "caused my religious materials to be disposed of without an official or policy to be held responsible"). He does not allege that defendants were acting pursuant to an established state procedure allowing destruction of his property or inadequate post-deprivation remedies. (See id.).

In this context, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Bogart v. Chapell, 396 F.3d 548, 559–663 (4th Cir. 2005). North Carolina law provides plaintiff with an adequate post-deprivation remedy. See Wilkins v. Whitaker, 714 F.2d 4, 7 (4th Cir. 1983) (discussing procedures available under North Carolina law). And where such process is available for plaintiff's claim, he also cannot establish a violation of his substantive due process rights. See Front Royal & Warren Cnty. Indus. Park Corp. v. Town of Front Royal, Va., 135 F.3d 275, 287–88 (4th Cir. 1998); Love v. Pepersack, 47 F.3d 120, 123 (4th Cir. 1995) (holding substantive due process violation occurs "only where the state courts can do nothing to rectify the injury that the state has already arbitrarily inflicted"). Accordingly, plaintiff has not alleged a viable claim based on destruction of property.

Plaintiff also asserts claims for unconstitutional conditions of confinement under the Eighth Amendment, unlawful discrimination under the Fourteenth Amendment, and state law claims for defamation and libel. The factual allegations, however, do not state a claim for relief under these theories. See Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (providing standard for Eighth Amendment conditions of confinement claim); Fauconier v. Clarke, 966 F.3d 265, 277 (4th Cir. 2020) (Fourteenth Amendment equal protection claim); Renwick v. News & Observer Publ'g Co., 310 N.C. 312, 316–18 (1984) (discussing libel under North Carolina law); Cannon v. Peck, 36 F.4th 547, 559 (4th Cir. 2022) (providing definition of defamation); see also Nemet Chevrolet, 591 F.3d at 255 (explaining bare assertions devoid of factual enhancement are insufficient to state a claim).

5

In sum, plaintiff has failed to allege sufficient fact to state a claim. Plaintiff also cannot amend the complaint to cure the defects for his claims alleging deprivation of property. And the court declines to allow amendment for the remaining claims where plaintiff's conclusory assertions do not suggest plaintiff can allege additional facts to state a claim under the relevant standards. See Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018) (explaining nature of dismissal is a matter of discretion for the district court).

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motions to receive all court documents (DE 8), for discovery and to amend complaint (DE 9), for assistance (DE 10), and for refund (DE 11) are DENIED. The motion for refund is denied without prejudice to renew on the terms set forth above.

SO ORDERED, this the 6th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge